Adams, appellant, v. Ives *et al.*

*Contract for public work — acceptance of bid — substitution of sureties — right of commissioners to let contract for public work to reject sureties.*

Defendants were commissioners to open and improve an avenue in New Lots, Kings county, under Laws 1869, chapter 217, amended by Laws 1870, chapter 619. The acts named gave no directions as to the manner in which the commissioners should contract for the work. The commissioners, however, gave public notice that they would receive bids and required that each bid should be accompanied with the consent of two persons to become sureties in the sum of $10,000, for the performance of the work. Plaintiff put in a bid accompanied with the names of two sureties. The bid was accepted, but one of the persons named refused to become surety. The commissioners would not accept a surety offered as a substitute for the person refusing, and awarded the contract to another party. *Held,* that the commissioners were not under obligation to accept any other sureties than those offered with the bid, notwithstanding those substituted were responsible, and an action to restrain the commissioners from awarding the work to others could not be maintained by plaintiff, upon the ground that the commissioners in so doing were actuated by improper motives.

Appeal from a judgment rendered at the special term of Kings county dismissing the complaint. The action was brought by William H. Adams against John Ives and others, as commissioners appointed by the supreme court, for the opening and grading of Atlantic avenue in the town of New Lots, Kings county. The material facts sufficiently appear in the opinion.

*James R. Adams,* for appellant.

*C. J. Lowery* and *D. P. Barnard,* for respondent.

TALCOTT, J.   The defendants, Ives, Wycoff, Van Sicklen and Palmer, were appointed by the supreme court, commissioners to lay out, open and grade Atlantic avenue in the town of New Lots, Kings county, under an act of the legislature, passed in 1869 (Laws of 1869, chap. 217), which act was amended in 1870 (Laws of 1870, chap. 619).   Under these acts the commissioners, as such, were to enter upon the lands taken for the avenue and cause the same to be properly regulated, graded, graveled, curbed, etc., in such manner and on such plans as should, in their judgment, be necessary.

The act contains no directions as to any manner in which they shall contract for the doing of the work, or for any advertisement for proposals.   The commissioners, however, did in November, 1870, publish notice to the effect, that for the space of two weeks, proposals would be received for the regulating, grading, curbing, guttering and preparing the avenue according to plans and specifications to be seen at their office.   The specifications referred to contained the following provisions, to wit: "Each estimate must be accompanied by the consent, in writing, of two persons, with their respective places of business or residence, who shall be satisfactory to the commissioners, so that should the contract be awarded to the persons making the bid, these will, on its being so awarded, become bound as sureties, each and severally in the sum of $10,000, to insure the faithful performance of the contract."

The plaintiff put in a bid which on the face of it purported to be a bid for furnishing the materials for the work in question, and named as his sureties " William Miles and Samuel G. Adams, both real estate owners in the town of New Lots."   The bid of the plaintiff was accepted by the commissioners, but he failed to procure the assent of Mr. Miles to become one of his sureties.   He applied to the commissioners for leave to substitute in place of Mr. Miles as one of his sureties, one Charles Devlin, of the city of New York. The commissioners, after having made investigation as regards the character and responsibility of Devlin, refused to consent to the change.   The plaintiff then gave notice that he was ready to execute the contract, and asked them to specify a time when it would be convenient for him to be present with his sureties.   The com-

missioners thereupon notified the plaintiff that the contract was prepared and ready for execution at their office, and notified him to call at the office of the commissioners with "the sureties proposed by you, viz.: William Miles and Samuel G. Adams, and sign the contract and bond, on or before the 15th of March, 1871, otherwise the commissioners will consider you as having withdrawn and abandoned your bid, and the commissioners will award the contract to some other party."

The plaintiff, being unable to procure Mr. Miles to become one of his sureties, tendered Mr. Devlin as such surety in place of Miles, and thereupon, after the time specified in their notification to the plaintiff had expired, the commissioners awarded the contract to the defendants Moore and Sturgis. The plaintiff thereupon commenced this suit in equity to restrain the commissioners from awarding the contract to any other person than himself, and from collecting any money from the town of New Lots, to pay for doing the work, and to restrain the supervisor of the town of New Lots from issuing the bonds of the town of New Lots to pay for the work, and to restrain Moore and Sturgis from doing the work, under the contract awarded to them.

On the trial the complaint was dismissed upon the ground that the commissioners were not legally bound to accept of Mr. Devlin as surety for the performance of the contract by the plaintiff even though Devlin was sufficiently responsible. Without conceding that a suit in equity can be maintained in such a case, we think the decision at the special term was clearly right upon the ground on which it was then placed.

The authorities relied upon by the plaintiff's counsel to show that where there is a contract to take " good security," or a " good indorsed note," or where words creating a limited obligation are used in a contract, the obligee is bound to accept that which, in fact, comes within the meaning of the contract, and cannot reject the tender of performance from mere willfulness or whim, have no application to this case. This is not a question of the meaning of the terms of a contract, or what is a fair and reasonable compliance with it. The only contract made by the commissioners with the plaintiff was to accept as sureties two certain, specified parties, and they made no contract to accept any responsible sureties who might be offered. The plaintiff took upon himself the risk of being able to procure the parties specified by him, and there was no obligation

whatever resting upon the commissioners to give the contract to the plaintiff except that created by the express terms of the bid and acceptance. As the commissioners were under no legal obligation to the plaintiff, of course he cannot maintain an action against them, upon the ground that they were actuated by improper motives in refusing to do that which they were not bound to do by the contract.

The judgment must be affirmed, with costs of the appeal.

*Judgment affirmed.*